UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NADEZHDA JONES,<br><br>  Plaintiff,<br><br>v.<br><br>MARK GHALY, et al.,<br><br>  Defendants. | Case No. 21-cv-05828-JSW<br><br>**ORDER DISMISSING CASE AND RESOLVING OUTSTANDING MOTIONS**<br><br>Re: Dkt. Nos. 27, 30, 32, 33, 44 |

    Plaintiff Nadhezdha Jones ("Plaintiff") filed this action in federal court on July 27, 2021. (Dkt. No. 1.) That same day, Plaintiff filed an identical lawsuit against the same defendants in Alameda County Superior Court. *See Jones v. Ghaly*, No. 21-cv-7844-JSW ("Related Case"). The Regents removed the Related Case on October 7, 2021. Defendants did not receive notice of the federal action until October 25, 2021. (Dkt. Nos. 1, 17.) The parties and claims in this case are virtually identical to those in the Related Case.

    Defendants moved to dismiss the complaint in this case. (Dkt. Nos. 30, 32.) Plaintiff did not file an opposition to either motion to dismiss within the time as required by Civil Local Rule 7-3. On January 1, 2022, Plaintiff filed a motion to stay this action pending resolution of the Related Case. (Dkt. No. 33.) On January 14, 2022, the Court ordered the Plaintiff to show cause (1) why the case should not be dismissed as duplicative of the Related Case, and (2) why Defendants' motions to dismiss should not be granted. The Court cautioned Plaintiff that failure to respond could result in the motions being granted and the action being dismissed. On January 25, 2022, Plaintiff filed a response to the Court's order to show cause. Plaintiff's response addressed the first part of the Court's order to show cause but did not address Defendants'

arguments for dismissal.[1]

The Court will address additional facts as necessary in the analysis.

## ANALYSIS

**A.    The Court Dismisses This Case As Duplicative.**

Federal courts "retain broad powers to prevent duplicative or unnecessary litigation." *Slack v. McDaniel*, 529 U.S. 473, 478 (2000); *see also Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936) (every federal court has the inherent power "to control disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants"). "Plaintiffs generally have 'no right to maintain two separate actions involving the same subject matter at the same time in the same court and against the same defendant.'" *Adams v. Calif. Dep't of Health Services*, 487 F.3d 684, 688 (9th Cir. 2007) (citation omitted) (affirming the dismissal of a later-filed duplicative lawsuit). A plaintiff must bring one action against a party relating to the same transaction or event. *Id*. at 693. "District courts retain broad discretion to control their dockets and '[i]n the exercise of that power they may impose sanctions including, where appropriate, ... dismissal.'" *Id*. at 688 (citation omitted). "After weighing the equities of the case, the district court may exercise its discretion to dismiss a duplicative later-filed action." *Id*.; *see also M.M. v. Lafayette Sch. Dist.*, 681 F.3d 1082, 1091 (9th Cir. 2012) ("a district court has broad discretion to control its own docket, and that includes the power to dismiss duplicative claims"); *Shappell v. Sun Life Assur. Co.*, No. 10-cv-03020-MCE-EFB, 2011 WL 2070405, at *2 (E.D. Cal. May 23, 2011) (dismissing second of two separate, but identical, actions, observing that "[t]he inherent power to manage the Court's own docket permits it to order dismissal of duplicative claims in order to foster judicial economy and the 'comprehensive disposal of litigation'") (citation omitted).

Here, the only difference between the complaints is the relief sought. In this case, Plaintiff asserts that she seeks only injunctive relief and not monetary damages against the state Defendants. Plaintiff limits her requested relief in this action in an effort to avoid dismissal

---

[1] Plaintiff's motion to stay, filed after the Defendants' moved to dismiss, did not relieve her obligation to timely respond to Defendants' motions to dismiss. (*See* Dkt. No. 33.)

against the two named state official, Baass and Ghaly, under the *Ex parte Young* doctrine, which is an exception to the immunity afforded by the Eleventh Amendment. *See Ex parte Young*, 209 U.S. 123, 157 (1908). However, the FAC and administrative record attached show that neither official played a role in the allegedly wrongful act, and thus Plaintiff cannot establish the nexus required to overcome Eleventh Amendment immunity. As a result, Plaintiff's attempt to differentiate the cases based on the relief sought is unpersuasive, and the Court finds the cases are duplicative.

Plaintiff also fails to show that a stay, rather than dismissal, is warranted. Plaintiff argues that a stay is needed to avoid the inefficiencies of litigating two parallel cases in federal court. However, Plaintiff herself created these inefficiencies by filing duplicative actions and opposing consolidation.

The Court sees no justification for allowing two separate, but identical, cases to proceed. In the interests of judicial economy, the Court dismisses this action on the ground that it is duplicative of the parties and claims and matters at issue in the pending Related Case and denies Plaintiff's request to stay the action pending resolution of the Related Case.

**B.     Plaintiff's Failure to Oppose Defendants' Motions Is An Alternative Basis for Dismissal.**

Plaintiff failed to file a timely opposition to Defendants' motions to dismiss. The Court ordered Plaintiff to show cause why Defendants' motions to dismiss should not be granted and cautioned Plaintiff that failure to respond could result in the motions being granted and the action being dismissed. In her response to the Order to Show Cause, Plaintiff failed to address Defendants' numerous arguments for dismissal. The Court views Plaintiff's failure to oppose these arguments as a concession that those claims should be dismissed. *Marziano v. Cty. of Marin*, No. C-10-2740 EMC, 2010 WL 3895528, at *4 (N.D. Cal. Oct. 4, 2010); *see also Shakur v. Schriro*, 514 F.3d 878, 892 (9th Cir. 2008) (litigants waive arguments by failing to raise them in an opposition to a motion to dismiss). Thus, Plaintiff's failure to oppose Defendants' motions to dismiss is an alternative basis for dismissal.

//

3

//

## CONCLUSION

For the foregoing reasons, the Court DISMISSES this action. The Court DENIES the other pending motions as moot. A separate judgment shall issue, and the Clerk shall close the file.

**IT IS SO ORDERED.**

Dated: April 15, 2022

_____
JEFFREY S. WHITE
United States District Judge